IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACK LUCIOUS, <br> TDCJ-CID #586170, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM H. REINKENS, P.A., <br><br> Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. H-05-3672 |

## MEMORANDUM OPINION AND ORDER

Jack Lucious, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that William H. Reinkens was deliberately indifferent to his serious medical needs. (Docket Entry No. 1.) As ordered by the Court, plaintiff filed a more definite statement. (Docket Entry No. 5.)

After considering the complaint, the more definite statement, and the documents attached to plaintiff's pleadings, the Court **DISMISSES** this lawsuit as frivolous under 28 U.S.C. § 1915.

### I. Background and Claims

According to his pleadings, plaintiff was diagnosed with Crohn's disease, a chronic inflammatory intestinal condition, in March of 2005. On June 13, 2005, Reinkens, a prison physician assistant, gave plaintiff ibuprofen to treat a sore back. Plaintiff did not inform

Reinkens of his medical history, because "he had my medical file before him." (Docket Entry No. 5, p. 6.) Plaintiff took the medication as directed, but it caused him to lose weight and have numerous daily bloody bowel movements. (*Id.*, pp. 1-2.) Defendant then gave him docusate calcium to treat his hemorrhoids, but it exacerbated his medical problems. (*Id.*, p. 3.) A few weeks later, a prison nurse practitioner told plaintiff that ibuprofen was a "forbidden" and "harmful" medication for persons diagnosed with Crohn's disease, and gave him hemorrhoidal suppositories and ointments. (*Id.*, p. 5.) On July 21, 2005, plaintiff was examined by prison physician Dr. Julye, who ordered blood tests and prescribed yet a third regimen of medications. (*Id.*, p. 6.)

Plaintiff claims that defendant was deliberately indifferent to his serious medical needs by prescribing ibuprofen in light of his history of Crohn's disease. He seeks $1.5 million in damages.

## II. Analysis

Inadequate medical care may constitute a violation of a prisoner's Eighth Amendment rights, but constitutional concerns are implicated only when the claimant alleges acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Deliberate indifference is found only when the facts demonstrate wanton action on the part of the defendant that can be characterized as "repugnant to the conscience of mankind." *Id.* Under this standard, a disagreement between an inmate and his medical care providers as to what course of treatment is appropriate for his particular condition does not state a claim for deliberate

indifference to medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Thus, an allegation such as that advanced by plaintiff – that he was given an inappropriate medication – does not demonstrate deliberate indifference. *Estelle*, 429 U.S. at 107. Likewise, disagreements between medical providers as to a proper course of treatment do not establish deliberate indifference. *White v. Napolean*, 897 F.2d 103, 110 (3rd Cir. 1990).

Although medical judgments regarding the appropriate form of treatment may, depending on the facts, demonstrate medical malpractice, they do not establish cruel and unusual punishment. *Estelle*, 429 U.S. at 107. Thus, plaintiff's allegations that ibuprofen was an inappropriate treatment is characterized properly as an allegation of medical malpractice rather than cruel and unusual punishment and, as such, the proper forum is state court. *Id.*

Plaintiff's pleadings and exhibits demonstrate that he was afforded regular medical attention and care, defeating his claim of deliberate indifference. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). He was examined and treated by several providers, and underwent laboratory and other diagnostic testing. In response to one of his letters, his provider told him, "You have been seen and evaluated numerous times for your problem. Clinical decisions are based on the medical judgment of the provider rendering the care. You need to follow the plan." (Docket Entry No. 5, exhibits.)

In the Court's order for a more definite statement, plaintiff was ordered to identify how defendant was deliberately indifferent to his serious medical needs. In response, plaintiff stated, "By disregarding plaintiff's medical restrictions in his chart, and failing to exercise his general knowledge of medicine prior to [giving] plaintiff ibuprofen." (*Id.*, p.

7.) Plaintiff's complaint is clearly a dispute over the type of medical treatment he received, and does not rise to the level of deliberate indifference.

### III. Conclusion

Plaintiff's claim of deliberate indifference to his serious medical needs is frivolous. Accordingly, this case is **DISMISSED** with prejudice.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on the 6th day of March, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE